UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

KEESHA MITCHELL, et al.,

                Plaintiffs,

  -against-

LYONS PROFESSIONAL SERVICES, INC.,
RICHARD TRIM, and LARRY TATUM,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 1587 (BMC)

**COGAN**, District Judge.

The issue before the Court is whether the vacatur of a default judgment against one defendant requires vacatur of the judgment against another defaulting defendant because the judgment is no longer final. The Court holds that Fed. R. Civ. P. 54(b) may appropriately be used in this circumstance to avoid vacating the judgment in its entirety.

## BACKGROUND

The four female plaintiffs brought this employment discrimination action under federal, state, and local law against their former employer, Lyons Professional Services, Inc. ("Lyons"). In addition to Lyons, plaintiffs Tanisha Selby, Keesha Mitchell, and Theresa Campbell sued Terry Tatum ("Tatum"), the supervisor who harassed them, and plaintiff Seannette Campbell sued Richard Trim ("Trim"), the supervisor who harassed her. After Tatum answered and Lyons and Trim defaulted, plaintiffs voluntarily dismissed the claims against Tatum without prejudice. The Court held an inquest on damages after due notice to Lyons and Trim, neither of whom

1

appeared, and judgment was entered severally awarding damages in favor of plaintiffs Selby, Mitchell, and Theresa Campbell against Lyons, and in favor of plaintiff Seannette Campbell against Lyons and Trim jointly and severally. The judgment contains four decretal paragraphs, one addressed to the claims of each of the four plaintiffs.

After plaintiff commenced execution, Lyons and Trim, through separate counsel, moved to vacate the default judgment, claiming improper service or, alternatively, asserting discretionary grounds for vacating the default judgment. I held an evidentiary hearing on the service issue and determined that plaintiffs had properly served both defendants. However, I ruled, as to Trim, that his default was not willful, and that considering all of the circumstances, his default should be vacated. As to Lyons, I held that its default approached willfulness but nevertheless the judgment would be vacated in the exercise of discretion on the condition, *inter alia*, that Lyons post a bond for the amount of the judgment previously entered against it to secure any subsequent judgment that plaintiffs might obtain in the case. I stayed the proceedings for a short time to enable Lyons to obtain the bond if it was so inclined. Lyons has not posted a bond, and the question therefore arises as to how, if at all, the current judgment needs to be modified, amended, or vacated.

## DISCUSSION

First, the Court has directed that the judgment be vacated as against Trim, without conditions. Trim is named in the fourth decretal paragraph of the judgment, jointly and severally with Lyons. That paragraph of the judgment is therefore vacated as against Trim, as is the execution served upon Trim's bank. By separate Order, the Court will set down this matter for trial as against Trim.

The vacatur of that portion of the judgment applicable to Trim, with the result that the case is not finally resolved, calls into question the status of the judgment as to Lyons. Ordinarily, federal cases are resolved by the entry of a single judgment disposing of all claims against all parties. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 633) (1945)). In Frow v. De La Vega, 82 U.S. 552 (1872), and its progeny, the Supreme Court held that when less than all defendants have defaulted, the default should be entered on the docket against the defaulting defendants, but entry of final judgment should be deferred pending disposition as to the non-defaulting defendants, so that the case can be resolved by one final, consistent judgment. Although "[t]he Frow holding has been narrowed to cases involving true joint liability," courts have "consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations." Unitrans Colsol., Inc. v. Classic Closeouts, LLC, 09-CV-2098, 2010 U.S. Dist. LEXIS 31366 (E.D.N.Y. Mar. 31, 2010) (internal citations and quotations omitted); see Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 (2d Cir. 1976). See, e.g., Anthracite Funding, LLC v. Bethany Holdings Grp., 09 Civ. 1604, 2009 U.S. Dist. LEXIS 45557 (S.D.N.Y. June 1, 2009) (collecting cases and deferring damages inquest as to defaulting defendant until after determination of the liability of non-defaulting defendants); Viznai v. United Homes of N.Y., Inc., 07-CV-4173, 2009 U.S. Dist. LEXIS 28002 (E.D.N.Y. Apr. 3, 2009) (same); H.C. Schmieding Produce Co. v. Alfa Quality Produce Inc., 08 Civ. 0367, 2008 U.S. Dist. LEXIS 74338 (E.D.N.Y. Sept. 26, 2008); Martin v. Coughlin, 895 F. Supp. 39, 43 (N.D.N.Y. 1995) (applying Frow and finding that "the specter of inconsistent adjudications between defendant Casey [who failed to respond] and

defendant Coughlin, who has responded in a professional and timely manner, precludes entry of default judgment at this time").

These cases suggest that the fourth decretal paragraph of the judgment, at least, awarding damages in favor of Seannette Campbell against Trim and Lyons jointly and severally, should be vacated as against Lyons as well as Trim. If Trim receives a verdict in his favor, it would be inconsistent to hold Lyons liable for his actions. Even if the factfinder returns a verdict against Trim, it would likely be in an amount different from the amount that this Court found at the inquest. Of course, under Frow, the Clerk's entry of default will remain on the docket as to all of plaintiff's claims pending resolution of the now-reopened claim against Trim; in the event Trim is found liable, judgment will enter in favor of Seannette Campbell against both Lyons and Trim in the amount determined by the factfinder.

The remaining issue arises from the fact that the rest of the judgment is no longer a "final" judgment in light of the reopening of the claim against Trim. Arguably, this requires vacatur of the entire judgment, so that a new judgment can be entered upon resolution of the case as to Trim. The issue is of some importance since plaintiffs are currently engaged in efforts to execute upon the judgment against Lyons.

There is no need to vacate the remaining three decretal paragraphs of the judgment. Under Fed. R. Civ. P. 54(b), the Court may determine that its disposition of particular claims within a lawsuit presents no just reason for delay and direct entry of final judgment as to those claims. There are no fixed criteria for invoking this rule; the Court has broad discretion in determining whether to make the required certification, see Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 100 S. Ct. 1460 (1980), and may do so sua sponte. See Combined Bronx Amustements v. Warner Bros. Pictures, Inc., 132 F. Supp. 921 (S.D.N.Y. 1955). Courts

frequently look at the relationship between the adjudicated and remaining claims; if the adjudicated claims are independent from the remaining claims, that weighs in favor of entering a Rule 54(b) judgment. See generally Ginnett v. Computer Task Grp, Inc., 962 F.2d 1085 (2d Cir. 1992); Coleman v. McLaren, 92 F.R.D. 754 (N.D. Ill. 1981). In addition, courts have recognized that entry of final judgment in order to allow immediate recovery, where the outcome of the remaining proceedings will not lessen that partial recovery, is a proper function of Rule 54(b). See United States v. Kocher, 468 F.2d 503, 508-10 (2d Cir. 1972). This is especially true where the defendant's solvency or ability to pay a judgment in the future is in question. See Capital Distrib. Servs., Ltd. v. Ducor Express Airlines, Inc., 462 F. Supp. 2d 354 (E.D.N.Y. 2006); Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 270 (S.D.N.Y. 1995).

All of these factors point to Rule 54(b) certification here. By virtue of this Court's decision and the failure of Lyons to post a bond, its liability to plaintiffs Selby, Mitchell, and Theresa Campbell is not going to change in this Court. Although all four plaintiffs chose to sue in one lawsuit, the case could have just as easily been brought as four separate lawsuits. It is thus clear that the claims of plaintiffs Selby, Mitchell, and Theresa Campbell are independent of each other and each is independent of plaintiff Seannette Campbell's claim against Lyons and Trim. Delaying execution as to the three plaintiffs who have had their claims adjudicated would prejudice them by denying the right to immediate recovery, as they already have execution proceedings pending before this Court. In addition, Lyons' ability to pay a judgment is very much in question; the proceedings relating to execution indicate that it may have closed or altered its business and transferred its accounts and employees to another security company.

## CONCLUSION

The Court therefore determines that there is no just reason for delay pursuant to Rule 54(b). The Court does not need to "direct" entry of judgment since it has already been entered; instead, the Court certifies that the judgment as it applies to the claims of plaintiffs Selby, Mitchell, and Theresa Campbell is hereby deemed a final judgment pursuant to Rule 54(b) as of the date of this decision.

**SO ORDERED.**

/s/(BMC)
U.S.D.J.

Dated: Brooklyn, New York
July 8, 2010