FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 30 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KEESHA MITCHELL, THERESA
CAMPBELL, SEANNETTE CAMPBELL and
TANISHA SELBY,

                              Plaintiffs,

                  - against -

LYONS PROFESSIONAL SERVICES, INC.,
RICHARD TRIM and TERRY TATUM,

                             Defendants.
-------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 1587 (BMC)

**COGAN**, District Judge.

The question raised is whether, under Fed. R. Civ. P. 69(a), a judgment creditor is required to commence a separate proceeding against an alleged fraudulent transferee or successor to the judgment debtor based upon a state law provision that would require a separate proceeding, or whether the same relief can be obtained by motion in the original federal action. I hold that Federal Rule of Civil Procedure 69(a) does not require strict adherence to state procedural law, and that the judgment creditor may seek the relief provided under state law through a motion made in the original federal action.

## BACKGROUND

The four female plaintiffs brought this employment discrimination action under federal, state, and local law against their former employer, Lyons Professional Services, Inc. ("Lyons Services"). In addition to Lyons Services, plaintiffs Tanisha Selby, Keesha Mitchell, and Theresa Campbell sued Terry Tatum ("Tatum"), the supervisor who harassed them, and plaintiff Seannette Campbell sued Richard Trim ("Trim"), the supervisor who harassed her. After Tatum

answered and Lyons Services and Trim defaulted, plaintiffs voluntarily dismissed the claims against Tatum without prejudice. The Court held an inquest on damages after due notice to Lyons Services and Trim, neither of whom appeared, and judgment was entered severally awarding damages in favor of plaintiffs Selby, Mitchell, and Theresa Campbell against Lyons Services, and in favor of plaintiff Seannette Campbell against Lyons Services and Trim jointly and severally.

After entry of the judgment, plaintiffs filed a motion under Fed. R. Civ. P. 69(a) and New York Civil Practice Law and Rules 5225(b) ("CPLR 5225(b)") against Christopher Lyons (the sole shareholder of Lyons Services), and Garrison Protective Services, Inc. ("Garrison," collectively with Christopher Lyons, the "Garnishees"), the alleged fraudulent transferee or successor in interest to Lyons Services.[1] In that motion, plaintiffs contend that Lyons Services transferred its business and employees to Garrison for no consideration; and that Christopher Lyons continues to draw his salary or a commission as a "consultant" to Garrison. Plaintiffs thus contend that Garrison and Christopher Lyons are liable for the judgment against Lyons Services either as fraudulent transferees of Lyons Services' assets, or as a successor business to Lyons Services.

## DISCUSSION

Proceedings upon execution are governed by Rule 69(a) of the Federal Rules of Civil Procedure. That Rule provides, in part that: "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Here, the

---

[1] Trim and Lyons Services then separately moved to vacate the judgment. The Court granted Trim's motion; denied Lyons Services' motion; and certified the judgment as to Lyons Services under Fed. R. Civ. P. 54(d).

particular state law procedure that plaintiffs seek to invoke is CPLR 5225(b). That statute provides, in part:

> Property not in the possession of judgment debtor. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. ... Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding.

Id.

A "special proceeding" is a creature of New York practice that although brought as a distinct legal action, has more in common with motion practice than it does with a plenary action. When available, it reflects a legislative determination that the relief sought will often, although not always, require the resolution of primarily legal issues, rather than factual ones. It can be used only where the State Legislature has authorized it for the presentation of a particular type of legal issue or to obtain a particular form of relief. Because the focus is on an anticipated expedited resolution, discovery is not permitted absent leave of court, and rulings are usually made on the basis of the original petition, any affidavits served with it, and affidavits served in opposition. See generally David D. Siegel, New York Practice § 547 et seq (4th ed. 2005). If a party mistakenly seeks relief by motion in an action when it should be by special proceeding, the Court may simply deem the motion a special proceeding, if it has jurisdiction over the parties. "[I]f a party applies for judicial relief by way of a motion when proper procedure would require the commencement of a special proceeding, or vice versa, the court can simply treat the matter as

3

having been raised by the appropriate mechanism and proceed to the merits of the application." Vincent C. Alexander, N.Y. C.P.L.R. 103, Official Commentary, C103:3.

With regard to the special proceeding provided for in CPLR 5225(b), it is well established that it may be used to attack fraudulent transfers without the need to resort to a plenary action. "The main attainment here, since the same kind of relief has always been available in a plenary action, is that the facile device of a special proceeding is being made available to do the job, avoiding the usual delays of the conventional action." David D. Siegel, N.Y. C.P.L.R. 5225, Practice Commentaries, C5225:7.

It is equally well settled that this statute may be used to pierce the corporate veil or assert alter ego liability. See WBP Cent. Assocs, LLC v. DeCola, 50 A.D.3d 693, 855 N.Y.S.2d 210 (2d Dep't 2008). And although no reported decision has invoked the statute to assert a theory of successor liability, see generally NTL Capital, LLC v. Right Track Recording, LLC, 73 A.D.3d 410, 910 N.Y.S.2d 4 (1st Dep't 2010), the Court sees no reason why that theory would be unavailable to collect a judgment debt under this statute.

In the instant case, the Garnishees assert that if plaintiffs wish to invoke this statute, plaintiffs must use it according to its terms – which include commencing a separate special proceeding. Plaintiffs may not, say the Garnishees, simply make a motion in the underlying action seeking that relief, effectively picking and choosing which parts of the statute suits their purpose. The Garnishees rely on the language of Rule 69(a), which requires that the procedure on execution "must accord with the procedure of the state where the court is located."

The Second Circuit has suggested that Rule 69(a) should not be so narrowly read. In Chambers v. Blickle Ford Sales, Inc., 313 F.2d 252 (2d Cir. 1963), the plaintiff, as receiver of a Connecticut corporation, sued two New York corporations for a debt owed to the Connecticut

4

corporation. In addition to suing the New York corporations, the plaintiff-receiver sued the principals of those corporations as garnishees, claiming that they owed a debt to the New York corporations. In affirming judgment dismissing the claims against the garnishees on the merits, the Court noted that Connecticut procedure would have required a separate state court action against the garnishees, but joining them in one action with the defendants sufficiently complied with Rule 69(a):

> Under Connecticut practice, a separate action would be required in the nature of a scire facias against the alleged debtor or trustee of the judgment debtor, requiring a hearing and judgment separate from the original action. (The procedure followed here, more in the nature of one supplementary to enforcement of a judgment, accords with the spirit of the Rules and seems to be a sufficiently close adherence to state procedures.)

Id. at 256; see also Trust v. Kummerfeld, 153 Fed. Appx. 761 (2d Cir. 2005) (authorizing CPLR 5225 relief by motion rather than separate proceeding). Cf. Beauvais v. Allegiance Secs, Inc., 942 F.2d 838 (2d Cir. 1991) (considering the merits of a request for relief under CPLR 5225 even though it was raised by motion in the underlying action, not a special proceeding).

Although the language in Chambers was dictum, the Second Circuit's flexible approach to Rule 69(a) comports with that taken in other circuits. In Thomas, Head & Greisen Employees Trust v. Buster, 95 F.3d 1449 (9th Cir. 1996), for example, the Ninth Circuit allowed the assertion of fraudulent conveyance claims against third parties within the underlying action rather than requiring a separate proceeding as might have been required under state law. "Since Federal Rule 69(a) is in substance a choice-of-law provision not 'meant to put the judge into a procedural straitjacket, whether of state or federal origin,' we think '[t]he procedure followed here ... accord[ed] with the spirit of the Rules and ... [was] a sufficiently close adherence to state procedures'." Id. (alterations in original) (quoting Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir.1993), and Chambers, 313 F.2d at 256).

5

The Seventh Circuit reached a similar result in Resolution Trust Corp. There, an alleged fraudulent transferee contended that under Illinois post-judgment practice, she was entitled to trial on the judgment creditor's fraudulent transfer claim. She asserted that Illinois law did not permit summary adjudication of such claims, and thus a federal court could not grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure to deprive her of her state law right to a trial. Rejecting that claim, Judge Posner held:

> The draftsmen of [Rule 69(a)], rather than design a format for supplementary proceedings – with stages, deadlines, and other forms, powers, and limitations specially adapted to the needs of such proceedings – decided (perhaps in the hope that such proceedings would rarely be necessary) to borrow the format employed in the courts of the forum state. Though authority is sparse we doubt that they meant to borrow the <u>entire</u> procedural law of the state, so that in supplementary proceedings in federal district courts in Illinois the judge would apply the Illinois rules of civil procedure and of evidence rather than the counterpart federal rules.
> ...
> But applying every jot and tittle of Illinois procedural law and applying every jot and tittle of federal procedural law are not the only alternatives. We are dealing with <u>supplementary</u> proceedings; and while for some purposes, such as appealability, they are fruitfully analogized to regular civil proceedings, the analogy becomes strained when procedure at the trial level is in issue. Proceedings to enforce judgments are meant to be swift, cheap, informal.

Id. at 1226 (alteration in original) (internal citations and quotations omitted). Other courts have similarly recognized "the propriety of modifying state procedure to conform with federal practice" under Rule 69(a), see Clark v. Wilbur, 913 F. Supp. 463 (S.D.W.Va. 1996) (rejecting assertion that garnishees had to be separately served with process in a distinct action; and quoting Chicago Pneumatic Tool Co. v. Stonestreet, 107 F.R.D. 674, 678 n.7 (S.D.W.Va. 1985), for the principal that it is proper to modify state procedure to conform with federal practice), and that under Rule 69(a), "state rules are to applied in a common sense manner, of course, and those which make sense only when applied in state courts need not be imported into federal practice." Anderson v. Tucker, 68 F.R.D. 461 (D. Conn. 1975); see also Merrell v. Miller, No. Civ.A. 91-

493-A, 1998 WL 329264, at *3 (E.D.Va. June 8, 1998) (allowing judgment creditor to proceed by motion against alleged fraudulent transferees in underlying action, notwithstanding their claim that Virginia law required a separate fraudulent transfer action, and noting that "while the limitations of the state remedies are controlling, the details and distinctions of state procedures need not necessarily be followed").[2]

Here, other than the generation of an additional filing fee for the commencement of a separate proceeding in this Court, there seems no reason to compel plaintiffs to start over when there is a vehicle for relief presently pending. There is no issue about having secured personal jurisdiction over the Garnishees; they have not raised it, and they have each submitted affidavits opposing plaintiffs' motion on the merits. Even if this case was in state court, the state courts have shown a high level of flexibility in getting to the merits without technical regard for the classification of the proceeding. See generally Port Chester Elec. Const. Co. v. Atlas, 40 N.Y.2d 652, 357 N.E.2d 983, 389 N.Y.S.2d 327 (1976) (holding that action would be considered a special proceeding as to fraudulent transferees where plaintiff sued contract debtor as well as fraudulent transferees in plenary action); Esformes v. Brinn, 52 A.D.3d 459, 860 N.Y.S.2d 547 (2d Dep't 2008) (finding that where an action or special proceeding is brought in the wrong form, court may deem it brought in the proper fashion to avoid a denial). The Garnishees have pointed to no prejudice they will suffer as a result of the claims against them being raised by motion, rather than special proceeding.

---

[2] The Garnishees rely exclusively on Runaway Development Group v. Pentagen Technologies International, Ltd., 396 F. Supp.2d 471 (S.D.N.Y. 2005), where the court, in addition to rejecting the turnover claim on the merits, held that Rule 69(a) required a distinct action in these circumstances. The court did not cite or discuss any of the authorities on this issue and its brief conclusion is not persuasive. See IndyMac Bank, F.S.B. v. National Settlement Agency, Inc., No. 07 Civ. 6865, 2008 WL 3826519, *3 n.1 (S.D.N.Y. Aug. 15, 2008) (noting that federal courts other than Runaway Technologies have allowed CPLR 5225 relief when sought by motion in the underlying action).

Accordingly, the Court rejects the Garnishees' challenge to the form of the proceeding and it will proceed as filed.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
July 29, 2010